IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERWIN DIBRELL, PRO SE, | § | |
| TDCJ-CID No. 1768096, | § | |
| Previous TDCJ-CID No. 440809, | § | |
| Previous TDCJ-CID No. 595628, | § | |
| Previous TDCJ-CID No. 964991, | § | |
| Previous TDCJ-CID No. 1330521, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-0028 |
| | § | |
| NFN GOSSET and NFN WHITFIELD, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff ERWIN DIBRELL, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

By his March 10, 2016 Amended Complaint, plaintiff claims he has been denied access to the courts and has suffered racial harassment by the defendants. He also claims he has suffered retaliation because of a grievance he filed against the defendants.

Plaintiff requests the defendants be enjoined from repeating the complained-of behavior and that he be awarded compensatory damages of $10,000.00 against each defendant.

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint

and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C.

1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by

a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns

prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro*

*se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed plaintiff's pleadings and has viewed the

facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should

proceed to answer by defendants.

### THE LAW AND ANALYSIS

The Court issued a Briefing Order Questionnaire to elicit any specific facts plaintiff may

have and plaintiff's responses have been included in the analysis of each of his claims.

When asked to list each act by the defendants on which he based his claims against them,

plaintiff responded, in his April 4, 2016 Questionnaire response, by stating that defendant

GOSSET harassed and hazed him "out of racial," and defendant WHITFIELD started harassing

plaintiff when he went to the law library and that, when plaintiff asked WHITFIELD about

plaintiff's "forma pauperis," WHITFIELD put plaintiff out of the law library because of racial

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

discrimination.

To the extent plaintiff's claim against defendants is based solely on their remarks or statements directed to him, it is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, any remarks plaintiff attributes to the defendants will not support a claim of violation of plaintiff's constitutional rights.

Plaintiff alleges that, by delaying his mail and legal work, the defendants interfered with his litigation of Cause No. 2:15-CV-0346, *Dibrell v. Gilbert*[3]. Plaintiff alleges the case was dismissed because of delay and harassment by the defendants. An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991). Further, if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

---

[3]Plaintiff's April 4, 2016 Questionnaire response at Question nos. 2and 3.

Review of *Dibrell v. Gilbert*, Cause No. 2:15-CV-0346, in this Court's records, shows that cause was originally filed in the Western District of Texas, Austin Division. A Deficiency Order was issued; and plaintiff's cure of the deficiencies by submitting an IFP Data Sheet and an amended complaint was timely. The case was then transferred to the United States District Court for the Northern District of Texas, Amarillo Division, where plaintiff was granted pauper status. The cause was screened under the Prison Litigation Reform Act and was dismissed with prejudice as frivolous. Plaintiff did not appeal. From its initial filing to its dismissal, the case spanned just under three months, and no problem with IFP paperwork or other delay of any sort is discernable in the record nor did any delay affect the course of this case in any way.

With respect to cause no. 2:15-CV-0346, plaintiff has failed to allege facts which will support any claim of denial of access to the courts.

Plaintiff claims the complained-of conduct by the defendants was retaliation for a grievance he submitted against them. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint

4

cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

By Question no. 5, plaintiff was required to support his claim of retaliation with specific factual allegations. Plaintiff responded the two defendants conspired together so he did not receive requested legal material at the time he needed it and that this was the result of racial discrimination. Plaintiff does not state what legal material he did not receive when he needed it and he alleges no fact to support a contention that any delay was the result of retaliatory intent. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff has not supported his conclusory allegation of conspiracy with any factual allegation and has failed to state a claim.

Plaintiff also alleged when he tried to send some legal mail to the Court, it was returned to him in order to delay it. Plaintiff does not identify the mail or state what reason he was given for the delay and does not indicate any delay caused him harm. Further, he does not state whether either or both of the defendants was responsible for the return or how he knows who is responsible. Plaintiff alleges no fact to support his speculation that the return was done in order to delay his cause of action. In the context of actions arising under Title 42, United States Code,

5

section 1983, a plaintiff is required to state specific facts rather than conclusory allegations in his complaint. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), as amended. Plaintiff has utterly failed to allege any facts to support his claims of retaliation and has failed to state a claim on which relief can be granted.

Concerning his claim of racial discrimination, plaintiff was asked to state the facts upon which he based this claim. Plaintiff responded that, when he experienced harassment by the defendants while trying to get his in forma pauperis form, plaintiff spoke with another inmate about it and the inmate "told [plaintiff] that the same way these unlawful officer is doing me they did him the same way[4]." This fact is not sufficient to support plaintiff's claim. Aside from verbal harassment on a single occasion, plaintiff has not alleged any specific discriminatory act by the defendants. Further, as set forth above, review of the Court's records shows plaintiff timely submitted the in forma pauperis form as required by the court. The opinion of another inmate that plaintiff was being treated the same way that inmate was treated does not show either inmate was subjected to any discriminatory act against him as a member of an identifiable group. *See Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir.2001) (dismissing civil rights complaint because inmate did not allege any facts to demonstrate prison officials "purposefully intended to discriminate against him as a member of an identifiable group"); *Whitley v. Hunt*, 158 F.3d 882, 888–89 (5th Cir.1998) (affirming district court's dismissal of an inmate's complaint where the plaintiff's claim of racial discrimination lacked any factual support); *Al–Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir.1995) (finding "conclusory allegations of malice [ ] insufficient to maintain [a] claim" of racial discrimination); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995) (denying

---

[4]Plaintiff's April 4, 2016 Questionnaire Response at question no. 6.

6

prisoner's equal protection claim because he failed to offer proof of discriminatory intent or a specific act of discrimination).

Although plaintiff was given the opportunity to provide a factual basis for his complaint, plaintiff has failed to allege any other facts to support his claim of racially discriminatory acts against him by the defendants. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir.1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under 42 U.S.C. § 1983). Plaintiff's mere suspicion or belief that he has suffered race-based discrimination is insufficient to maintain an action.

By his April 4, 2016 response to question no. 7 of the Court's Questionnaire, plaintiff stated his request for $10,000.00 in compensatory damages from each defendant was to compensate him for his mental distress and retaliation. Retaliation is a cause of action and, as analyzed above, plaintiff has failed to allege facts to support a claim of retaliation. Mental distress is the claimed basis for compensation.

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Fifth Circuit has held that the "physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). Plaintiff has utterly failed to allege a physical injury of any sort and has failed to support his request for monetary relief for mental anguish.

Plaintiff's claim for monetary relief lacks an arguable basis in law and is frivolous.

7

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff ERWIN DIBRELL is DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 12th day of May, 2016.


MARY LOU ROBINSON
United States District Judge

8